FILED
SCRANTON

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

JUL 2 5 2014

PER _____
DEPUTY CLERK

| | |
|---|---|
| DEBRA L. ALEXANDER, adoptive parent and Administratrix of the Estate of SCOTT ALONZO ALEXANDER, Plaintiff, | CIVIL ACTION NO. 3:CV-13-1758 |
| v. | (Judge Kosik) |
| MONROE COUNTY, et al., Defendants. | |

## MEMORANDUM

Before the court are Plaintiff's objections to the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated December 18, 2013 (Doc. 57). For the reasons which follow, we will adopt in part, and decline to adopt in part, the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Debra L. Alexander, adoptive parent and Administratrix of the Estate of Scott Alonzo Alexander, commenced the instant civil rights action on June 25, 2013. The matter proceeds on a Second Amended Complaint filed on November 5, 2013 (Doc. 37). The action was assigned to Magistrate Judge Thomas M. Blewitt and is based on the suicide of Plaintiff's decedent while he was confined at the Monroe County Correctional Facility. Named in the Second Amended Complaint were eight defendants, Monroe County, Donna Asure, Warden, James Landon, PrimeCare Medical, Inc., Dr. Alex T. Thomas, Dr. Debra Wilson, LPN Wendi Johnson and Dr. Dedania. On November 7, 2013, Defendants Asure, Landon and Monroe County filed a Motion to Dismiss and a Brief in Support thereof (Docs. 38

and 39). A Brief in Opposition to the Motion to Dismiss (Doc. 42) was filed on November 19, 2013. An Answer to the Second Amended Complaint with Affirmative Defenses was filed by Defendants Johnson, Primecare Medical, Inc. and Wilson (Doc. 41) on November 18, 2013. An Answer to the Second Amended Complaint was filed by Defendant Dedania (Doc. 62) on January 2, 2014 and an Answer with Affirmative Defenses was filed by Defendant Thomas (Doc. 64) on January 10, 2014.

On December 18, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. 57), wherein he recommended that Plaintiff's request for compensatory and punitive damages against Defendants Asure and Landon in their official capacities should be dismissed with prejudice; that Plaintiff's request for punitive damages against Defendant Monroe County should be dismissed with prejudice; that all of Plaintiff's claims under the Fifth and Fourteenth Amendments in Counts I, II, III and IV of the Second Amended Complaint should be dismissed with prejudice against all Defendants; and that Defendants Landon, Asure and Monroe County should be dismissed entirely from the case.

On January 1, 2014, Plaintiff filed Objections to the Report and Recommendation (Doc. 58) and Brief in Support thereof (Doc. 59). A Brief in Response to the Plaintiff's Objections was filed on January 10, 2014 (Doc. 63).

## DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a <u>de novo</u> determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see <u>Sample v. Diecks,</u> 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

28 U.S.C. §636(b)(1); Local Rule 72.3.  Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper.  United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In the objections to the Report and Recommendation of the Magistrate Judge, Plaintiff specifically alludes to recommendations 3, 4, 5 and 6.[1]  We will review Plaintiff's objections.

The Magistrate Judge recommends that all of Plaintiff's claims under the Fifth Amendment in Counts I, II, III and IV of the Second Amended Complaint should be dismissed with prejudice as to all defendants.  The Magistrate Judge found that Plaintiff's Fourteenth Amendment due process and equal protection claims should also be dismissed.  Specifically, the Magistrate Judge determined that Plaintiff's deliberate indifference, failure to protect and denial of proper medical care claims are covered by the Eighth Amendment.  Because we agree with the Magistrate Judge that the claims set forth by Plaintiff are covered by the Eighth Amendment, we will adopt the recommendation regarding dismissal of Plaintiff's Fifth and Fourteenth Amendment claims.

The Plaintiff also objects to the Magistrate Judge's recommendation that Plaintiff's Eighth Amendment claim against Defendant Landon should be dismissed.  In Count II of the Second Amended Complaint, Plaintiff raises questions surrounding the conduct of Defendant Landon regarding Plaintiff's decedent.  The Magistrate Judge determined that the allegations surrounding Defendant Landon fail to state a cognizable Eighth Amendment claim in that the allegations do not rise to the

---

[1] Plaintiff does not object to recommendations 1 and 2.  We have reviewed the Report of the Magistrate Judge and we agree that Plaintiff's requests for damages against Defendants Asure and Landon in their official capacities should be dismissed and that Plaintiff's request for punitive damages against Defendant, Monroe County, should be dismissed.  Accordingly, we will adopt that part of the Report and Recommendation.

standard of deliberate indifference, but merely amounts to a claim of negligence. We disagree. In applying the motion to dismiss standard and in accepting the allegations in the complaint as true, we agree with Plaintiff that the Eighth Amendment deliberate indifference claim as to Defendant Landon should be allowed to proceed.

The Plaintiff also objects to the Magistrate Judge's conclusions regarding Defendant Asure and Defendant Monroe County as set forth in Count I of the Second Amended Complaint. The Magistrate Judge found that the Eighth Amendment claims set forth in Count I against Defendant Monroe County and Defendant Asure should be dismissed. As to Defendant Asure, the Warden at the Monroe County Correctional Facility, the Magistrate Judge found that the allegations in the Second Amended Complaint fail to state the requisite factual specificity as to allegations of personal involvement against Defendant Asure in her individual capacity and that she cannot be found liable solely on the basis of <u>respondent superior</u>. Additionally, the Magistrate Judge found that because Plaintiff's decedent was being treated by medical defendants and received attention for his mental conditions by medical defendants, Defendant Asure, a non-physician, cannot be held liable for being deliberately indifferent to plaintiff's decedent's medical needs. While we agree with the Magistrate Judge that the claims set forth in Count I against Defendants Asure and Monroe County may be tenuous, in accepting the allegations in the Complaint as true, we believe they should be allowed to proceed to discovery.[2] Accordingly, the Defendants' Motion to Dismiss the Eighth Amendment claims set forth in Count I against Defendants Monroe County and Warden Asure will be denied.

The Plaintiff also objects to the Magistrate Judge's conclusions regarding

---

[2] We note that in the majority of the cited cases involving prison suicides, they were allowed to proceed to the summary judgment stage.

Count III of the Second Amended Complaint involving Monroe County as it relates to the County's Public Defender's Office. Specifically, the Magistrate Judge found that Plaintiff's allegations in Count III fail to state cognizable constitutional claims. We agree and we will adopt the reasoning and conclusions of the Magistrate Judge as to Count III. Accordingly, we will grant Defendant Monroe County's Motion to Dismiss Count III of Plaintiff's Second Amended Complaint. An appropriate Order follows.